UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| YVONNE BOWER n/k/a SHOFROTH, <br>       Plaintiff, <br>     v. <br> ZEIGLER NISSAN OF ORLAND <br> PARK, LLC, <br>       Defendant. | CAUSE NO.: 2:19-CV-455-PPS-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Zeigler Nissan of Orland Park, LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by removing this case to federal court. As the party seeking federal jurisdiction, Defendant has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Yvonne Bower n/k/a Shofroth and Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant has alleged a sufficient amount in controversy. Defendant has also sufficiently alleged its own citizenship. However, the allegations are insufficient as to the citizenship of Plaintiff.

The Notice of Removal states: "In paragraph 1 of the Amended Complaint, Plaintiff alleges that '[a]t all times relevant herein, the plaintiff, herein was a resident of the State of Indiana, County

of Lake.'" (Notice of Removal ¶ 4, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must sufficiently allege the citizenship of Plaintiff as outlined above. Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **January 3, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff as stated above.

So ORDERED this 10th day of December, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT